United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TAVARE HARRIS,

Plaintiff,

v.

TEJ LLC,

Defendant.

Case No. 26-cv-01624-VKD

**ORDER RE PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE WITH GENERAL ORDER 56 AND SCHEDULING ORDER**

Re: Dkt. No. 17

Plaintiff Tavare Harris moves for an order requiring defendant TEJ LLC dba Hotel Solares ("TEJ") to participate in a joint site inspection, consistent with the requirements of this District's General Order 56.[1] Dkt. No. 17. TEJ opposes the motion. Dkt. No. 19. Having considered the motion and opposition papers, the allegations of the complaint, and the applicable authority, the Court grants Mr. Harris's motion, in part.

General Order 56 governs procedures in "any action which asserts denial of a right of access protected by Titles II or III of the Americans with Disabilities Act [("ADA")], 42 U.S.C. §§ 12131-89." GO 56 at 1. The procedures set forth in the Order generally apply to all such cases, "unless the assigned judge orders otherwise." *Id.* ¶ 3. Mr. Harris's motion principally concerns paragraph 7 of the Order, which provides in relevant part:

> No later than 60 days after service of the complaint, counsel and any unrepresented parties (accompanied by their experts or consultants and the parties themselves, if the parties so elect . . .) shall meet in person at the subject premises to conduct a joint site inspection. If the parties agree that plaintiff alleges only violations unrelated to a

[1] https://cand.uscourts.gov/sites/default/files/wp-content/uploads/general-orders/GO-56.pdf

United States District Court
Northern District of California

> physical location (such as programmatic or policy violations), . . . the parties may proceed directly to the required settlement meeting described in Paragraph 8 of this Order, in which case the settlement meeting shall be scheduled within 60 days after service of the [c]omplaint.

*Id.* ¶ 7(a). Here, the parties do not agree that plaintiff alleges "only violations unrelated to a physical location." In his complaint, Mr. Harris challenges the physical condition of the hotel room to which he and his wife were assigned by defendant TEJ as "undesirable and unsafe," and particularly so in view of his alleged disability and need for a service dog. *See* Dkt. No. 1 ¶ 22. While Mr. Harris also challenges TEJ's allegedly discriminatory policies, the Court is persuaded that a joint site inspection, consistent with the procedures contemplated by General Order 56, is warranted.

Accordingly, the Court orders as follows:[2]

1. If the parties have not already exchanged the initial disclosures and production of documents required by paragraph 4 of General Order 56, they shall complete this exchange by **August 17, 2026**.
2. The parties shall conduct a joint site inspection by **September 4, 2026**.
3. Unless the parties agree otherwise, the joint site inspection shall include and shall be limited to: (1) the room to which Mr. Harris and his wife were assigned on October 12, 2024, (2) one other room of comparable size and with the same bed configuration as the assigned room, but with a balcony, and (3) one other room of comparable size and with same bed configuration as the assigned room, but without a balcony.
4. The site inspection must be attended by counsel for the parties, as required by paragraph 7(a) of General Order 56.
5. The parties shall conduct the settlement meeting required by paragraph 8, in person, by **September 18, 2026**.
6. The parties shall file a Notice of Need for Mediation and Certification or Notice of Settlement of ADA Access Case (*see* GO 56 ¶ 9) no later than **October 2, 2026**.

---

[2] This order amends the scheduling order at Dkt. No. 14.

7. If the case does not resolve, Mr. Harris shall file a Notice Requesting Case Management Conference (*see* GO 56 ¶ 10) within **7 days after** the mediator files a Certification of ADR Session certifying that the mediation process is concluded.

**IT IS SO ORDERED.**

Dated: August 10, 2026

Virginia K. DeMarchi
United States Magistrate Judge